United States District Court
Southern District of Texas
**ENTERED**
July 30, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**LAREDO DIVISION**

| | | |
|---|---|---|
| **ASSAMA MAZOU FECHAL,** | § | |
| **Petitioner,** | § | |
| **VS.** | § | **CIVIL ACTION NO. 5:26-CV-01236** |
| **SECRETARY OF DEPARTMENT OF HOMELAND SECURITY, *et al.*,** | § | |
| **Respondents.** | § | |

**ORDER**

Pending before the Court is a *pro se* Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 brought by Petitioner Assama Mazou Fechal ("Petitioner"), (Dkt. 1), challenging the lawfulness of his detention by Immigration and Customs Enforcement (ICE) officials with the Department of Homeland Security (DHS). Petitioner is a native and citizen of Togo who entered the United States in December of 2024 and has been continuously detained since arrival. (*See* Dkt. 1, Attach. 1 at 1; Dkt. 11 at 1.) On September 5, 2025, an Immigration Judge (IJ) ordered Petitioner removed to Togo. (*See* Dkt. 1, Attach. 1 at 1; Dkt. 11 at 1, Attach. 1 at 1–4.) Petitioner appealed the removal order to the Board of Immigration Appeals (BIA). (*See* Dkt. 1, Attach. 1 at 1; Dkt. 11 at 2, Attach. 1 at 6–8.) On March 19, 2026, the BIA dismissed Petitioner's appeal. (*See* Dkt. 1, Attach. 1 at 1; Dkt. 11 at 2, Attach. 1 at 5.) Therefore, Petitioner's removal order became final on March 19, 2026. *See* 8 C.F.R. § 1241.1. On April 6, 2026, Petitioner appealed the BIA decision to the United States Court of Appeals for the Fifth Circuit, and the appeal remains pending. *See* U.S. Court of Appeals for the Fifth Circuit, Docket No. 26-60231; (Dkt. 1, Attach. 1 at 1; Dkt. 11 at 2.) As of the date of this Order, the Fifth Circuit has not issued a stay of Petitioner's removal. *Id.*

Petitioner has also filed a motion to reopen proceedings with the BIA, but the BIA has not ruled on the motion. (Dkt. 11 at 2, Attach. 1 at 9–17.)

Petitioner filed his petition for Writ of Habeas Corpus on July 13, 2026. (Dkt. 1.) Petitioner alleges that his prolonged detention violates his rights under the Due Process Clause of the Fifth Amendment. (*Id.*, Attach. 1 at 3–5.) Upon receipt of the petition, the Court ordered the Government to file a response on or before July 21, 2026. (Dkt. 7.) The Government filed a timely Motion for Summary Judgment, (Dkt. 11), arguing that Petitioner's detention is governed by 8 U.S.C. § 1231 because his order of removal has become administratively final. (*Id.* at 3–5); *see* 8 U.S.C. § 1101(a)(47)(B); 8 C.F.R. § 1241.1. Petitioner subsequently filed a reply. (Dkt. 15.)

The Government correctly asserts that Petitioner's detention is now governed by 8 U.S.C. § 1231(a) because he has an administratively final order of removal. Pursuant to § 1231, once an IJ issues a removal order and that order becomes "final," the Attorney General has ninety days to affect the detainee's departure from the United States. *See* 8 U.S.C. § 1231(a)(1)(A); *Andrade v. Gonzales*, 459 F.3d 538, 543 (5th Cir. 2006) *cert. denied*, 549 U.S. 1132 (2007). In general, during this 90-day removal period, the detainee must remain detained. 8 U.S.C. § 1231(a)(2). If the detainee is not removed within that 90-day period, he may become eligible for supervised release until removal can be accomplished, or DHS may continue to detain him for "a period reasonably necessary to bring about that alien's removal from the United States." *Zadvydas v. Davis*, 533 U.S. 678, 689 (2001); *see also Clark v. Suarez Martinez*, 543 U.S. 371, 385 (2005); 8 U.S.C § 1231(a)(3).

In *Zadvydas*, the Supreme Court recognized that "permitting indefinite detention of an alien would raise a serious constitutional problem" and that "[f]reedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty

that [the Due Process] Clause protects." *Zadvydas*, 533 U.S. at 690 (citation omitted). Thus, the Court held that the INA does not authorize "indefinite, perhaps permanent, detention" of noncitizens subject to final orders of removal. *Id.* at 699. Therefore, "once removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute." *Id.* (citations omitted). The Supreme Court also determined that there is a presumptively reasonable period of six months of detention from the time that a removal order becomes final.[1] *Id.* at 701. After six months have elapsed, once a noncitizen provides "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.* If the Government cannot offer sufficient rebuttal evidence once a habeas petitioner has made such a showing, then the court should grant the writ and order the habeas petitioner released under the *Zadvydas* framework. *See id.*; *but see Andrade*, 459 F.3d at 543–44 (finding that petitioner had failed to meet his initial burden when he offered "nothing beyond [his] conclusory statements").

Here, Petitioner argues that his detention has become indefinite under *Zadvydas*. (Dkt. 15 at 6.) However, Petitioner has been detained for less than six months post-removal-order so he must overcome the presumption that his detention is reasonable by demonstrating that his removal is not reasonably foreseeable. *See Zadvydas*, 533 U.S. at 699–701; *see also Sagastizado v. Noem*, 2025 WL 2957002, at *7 n.3 (S.D. Tex. Oct. 2, 2025) (concluding that the six-month period in *Zadvydas* is a rebuttable not preclusive presumption); *Villanueva v. Tate*, 801 F. Supp. 3d 689, 702 (S.D. Tex. 2025) (same). Petitioner has failed to submit sufficient evidence showing that his removal is not reasonably foreseeable to meet this standard. Because he has not overcome the

[1] Courts, including this one, have understood the six-month presumption to be a period of 180 days which comports with DHS's post-removal custody review procedures. *See Sanchez v. Noem*, 2025 WL 3760317, at *8 (S.D. Tex. Nov. 14, 2025); 8 C.F.R. § 241.4(k)(2)(ii).

presumption, Petitioner's arguments that his detention has become unconstitutionally prolonged are premature. Moreover, although Petitioner has filed a motion to reopen, the BIA has not yet reopened his proceedings so his claims that his detention under 8 U.S.C. § 1225(b) violate due process are not proper at this time.

**CONCLUSION**

Accordingly, Petitioner's petition is **DISMISSED WITHOUT PREJUDICE** as premature. Respondents' Motion for Summary Judgment, (Dkt. 11), is **GRANTED** in part. Petitioner is advised that he may re-file his petition if he remains in custody and he can establish that his detention is unlawful under *Zadvydas* or if there is another material change in his detention authority. A separate final judgment will follow. Fed. R. Civ. Pro. 58(a).

Finally, the Clerk of Court is **DIRECTED** to mail a copy of this Order to Petitioner by any receipted means at the following address:

**Assama Mazou Fechal**
**A# 249-494-792**
**Rio Grande Detention Center**
**1001 San Rio Blvd**
**Laredo, TX 78046**

IT IS SO ORDERED.

SIGNED this July 29, 2026.

Diana Saldaña
United States District Judge